**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Karen C. Briggs, ) | |
| ) | C.A. No.: 4:14-cv-705-PMD-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Low Country Home Medical Equipment ) | |
| Company and Mark Baty, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this discrimination action against Defendants alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, 12112(b), and the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"). Plaintiff also brought state-law claims for intentional infliction of emotional distress and for negligent retention and supervision. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), Defendants' Motion for Summary Judgment ("Motion") was referred to a United States Magistrate Judge for a report and recommendation ("R & R"). This matter comes before the Court upon Plaintiff's objections to United States Magistrate Judge Kaymani West's recommendation that the Court grant Defendants' Motion. (ECF Nos. 38 & 37.) For the reasons stated herein, the Court overrules Plaintiff's objections, adopts Magistrate Judge West's R & R, and grants Defendants' Motion.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to

the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Plaintiff filed only two specific objections to Magistrate Judge West's R & R. First, Plaintiff states "she has provided sufficient evidence that a finder of fact could determine that Defendant had a number of businesses that could be viewed as an integrated employer." (Pl.'s Objs. R. & R., ECF No. 38, at 2.) In particular, Plaintiff states that her "first hand [sic] knowledge of her paychecks having different business names listed on them is enough to create a question of fact as to the existence of an integrated employer." (*Id.*) Second, she objects to Judge West's "recommendation for dismissal based on a lack of discriminatory intent evidence." (*Id.* at 3.) She again states that she has "firsthand knowledge" that she "was being terminated for her revelation about her medical diagnosis." (*Id.*) Plaintiff asserts that these two objections create "a question of fact as to the existence of an integrated employer." (*Id.*) Because Plaintiff has not specifically objected to the remainder of Judge West's R & R, the Court reviews it for

clear error. The Court finds no clear error, and accordingly Defendants' Motion is granted as to Plaintiff's state-law claims and as to Defendant Mark Baty. Therefore, all that remains for the Court to consider is whether Defendant Low Country Home Medical Equipment Company ("Low Country") should be granted summary judgment as to Plaintiff's discrimination claim.

To grant a motion for summary judgment, a court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[I]t is ultimately the nonmovant's burden to persuade [the court] that there is indeed a dispute of material fact. It must provide more than a scintilla of evidence—and not merely conclusory allegations or speculation—upon which a jury could properly find in its favor." *CoreTel Va., LLC v. Verizon Va., LLC*, 752 F.3d 364, 370 (4th Cir. 2014) (citations omitted). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

To establish her ADA claim, Plaintiff is required to show, *inter alia*, that Low Country is a covered entity that employed fifteen or more employees. *See* 42 U.S.C. § 12111. As the undisputed record shows, Low Country never employed fifteen employees. (Baty Aff. ¶¶ 10, 11, ECF No. 27-3, at 3; Shelbourne Aff. ¶¶ 10, 11, ECF No. 27-4, at 3.) As a result, Plaintiff attempts to argue that Low Country is an integrated employer associated with several other

enterprises. Plaintiff specifically objects to Judge West's finding that Plaintiff failed to provide sufficient evidence to support her argument that Low Country was an integrated employer. The Court has conducted an independent review of the record and of Plaintiff's deposition and has found no evidence therein to support Plaintiff's objection. Although Plaintiff states that she received paychecks with different business names on them, that is not reflected anywhere in the record. Additionally, according to Defendants, "Plaintiff never produced any copies of her paychecks during discovery, let alone any evidence that [Defendant] paid its employees using an integrated payroll." (Defs.' Reply Pl.'s Objs. R. & R., ECF No. 39, at 1.); *see also Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002) (stating that the Court may refuse to consider new evidence not presented to the magistrate judge). Based on Plaintiff's failure to produce any record evidence to support her integrated employer theory, Plaintiff's first objection is overruled.

In *Arbaugh v. Y & H Corp.*, the Supreme Court held that having the threshold number of employees for application of Title VII was an element of a plaintiff's claim for relief, rather than a jurisdictional requirement. 546 U.S. 500, 516 (2006). Additionally, although *Arbaugh* was a Title VII case, the court noted that the ADA's employee-numerosity requirement was similarly an element of a plaintiff's claim for relief, rather than jurisdictional. *Id.* at 509–10 (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 623–24 (D.C. Cir. 1997)). Since Plaintiff has failed to demonstrate an element of her claim—specifically that Low Country is a covered entity for purposes of the ADA—her second objection is futile. *Cf., e.g.*, *Kendley v. Univ. of S.C.*, No. 3:09-cv-786-CMC-PJG, 2009 WL 5194997, at *1 (D.S.C. Dec. 22, 2009) (adopting magistrate's report and recommendation without considering plaintiff's objections, as the objections, which addressed merits of plaintiff's claims, were not relevant to magistrate's recommendation to

dismiss for lack of jurisdiction). Accordingly, the Court declines to address it and adopts Magistrate Judge West's R & R.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's Objections to Magistrate Judge West's R & R are **OVERRULED**. Defendants' Motion for Summary Judgment is **GRANTED.**

    **AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**December 14, 2015**
**Charleston, South Carolina**